**Gregory G. HARRIS, Trustee, Plaintiff,**

v.

**Paul S. HUDSON;  Paul J. Hudson;  William David Hudson;  William B. Hudson, as Trustee of William David Hudson, an Infant;  and Stephen Hudson, Defendants.**

No.  1:02–CV–614.

United States District Court, N.D. New York.

Aug. 13, 2002.

## MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

### I. *INTRODUCTION*

On November 8, 2001, plaintiff Gregory G. Harris ("Harris") commenced the instant adversary proceeding [1] against defendants Paul S. Hudson ("Paul S."), Paul J. Hudson, William David Hudson, William B. Hudson ("William B."), and Stephen Hudson (collectively, "defendants") pursuant to New York Debtor and Creditor Law §§ 273, 273(a), 276, 276(a), and 11 U.S.C. §§ 548, 550, and 551.

Defendants now move to dismiss the complaint pursuant to, *inter alia*, Federal Rules of Civil Procedure .12(b)(1) or 12(b)(6). Plaintiff opposes. The motion was taken on submission without oral argument on July 12, 2002.

### II. *FACTS*

This action arises out of an allegedly fraudulent conveyance made by Paul S. to his sons. The following are the facts in this case, stated in the light most favorable to the nonmoving plaintiff.

Melina Hudson ("Ms. Hudson") of Albany County died, at the age of sixteen, in the crash of Pan Am Flight 103 on December 21, 1988. Her father, Paul S., moved for and was awarded limited letters of administration in 1989 by the Albany County Surrogate's Court. Those letters authorized him to bring a wrongful death action on behalf of Ms. Hudson's estate, but restrained him from settling any action without a further order of the court. As New York does not recognize loss of society damages, but Ohio does, and Ms. Hudson had contacts with Ohio, Paul S. then brought a wrongful death action in Federal District Court in Ohio, naming as plaintiffs

O'Connell and Aronowitz (Michael D. Assaf, of counsel), Albany, NY, for Plaintiff.

Paul S. Hudson, Crofton, MD, Defendant Pro se.

Nicola, Gudbranson & Cooper, LLC (John D. Sayre, of counsel), Cleveland, Ohio, for Defendants, Paul J. Hudson, William David Hudson, William B. Hudson, as Trustee, Stephen Hudson.

---

1. The reference to the bankruptcy court was withdrawn on April 12, 2002.

himself, William B. (Paul S.'s father), and Melina Rossi (Ms. Hudson's grandmother). William B. was appointed co-ancillary administrator of Ms. Hudson's estate in Ohio.

The Ohio action was consolidated with other wrongful death actions in New York, Pan Am's liability was established, and the case was returned to Ohio in 1995 for trial on the issue of damages. Also in 1995, Paul S. sought bankruptcy protection under Chapter 11. The Chapter 11 case was dismissed on April 17, 1997.

Melina Rossi died in 1996, and in July 1997, Paul S. withdrew as a plaintiff in the wrongful death case, leaving William B. as Ms. Hudson's only remaining representative. William B. settled the case for $567,407.70 in October 1997, and the Ohio Probate Court ordered distribution of the net proceeds in five equal sums of $68,601.84 each to Ms. Hudson's mother, father (Paul S.), and three brothers (Paul J. Hudson, William David Hudson, and Stephen Hudson) (the "Ohio order").

Richard Corvetti ("Corvetti"), one of Paul S.'s creditors, obtained a judgment against him in November 1997 that remains unsatisfied. In 1998, Corvetti brought a fraudulent conveyance action against Paul S. and his sons in Albany County Supreme Court, which resulted in a decision denying Paul S.'s motion for summary judgment. In 1999, Paul S. again filed for bankruptcy protection, this time in Maryland, under Chapter 7. As a result of a change of venue motion, the Maryland case was transferred to the Northern District of New York. Harris was appointed trustee of Paul S.'s bankruptcy estate in New York.

Harris asserts that New York law should have applied to the distribution of the wrongful death proceeds. Harris further asserts that even if Ohio law applies, the Hudson siblings should have presented an evidentiary entitlement to any portion of proceeds resulting from wrongful death

actions, which Paul S. did not require his children to do. Harris claims that this substantially reduced the amount of money Paul S. received from Ms. Hudson's estate: instead of recovering 50% of the proceeds under New York law (the other 50% going to Ms. Hudson's mother), Paul S. only recovered 20% of the proceeds. As a result, Harris brings this adversary proceeding against Paul S. and his sons for accounting, recovery, and turnover for fraudulent conveyance.

## III. *STANDARD OF REVIEW*

### A. *12(b)(1) Motion to Dismiss*

■ If challenged, a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *See Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir.1996). When a defendant moves to dismiss a cause of .action pursuant to Fed.R.Civ.P. 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars–Sinai Med. Ctr. v. Watkins,* 11 F.3d 1573, 1583 (Fed.Cir.1993). For purposes of such a motion, "the allegations in the complaint are not controlling ... and only uncontroverted factual allegations are accepted as true." *Id.* "All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding by the district court." *Id.* at 1584. On such a motion, both the movant and the pleader are permitted to use affidavits and other pleading materials to support and oppose such motions. *Kamen v. Am. Tel. and Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir. 1986).

### B. *12(b)(6) Motion to Dismiss*

In deciding a Rule 12(b)(6) motion, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-

movant; it should not dismiss the complaint 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.' " *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Kaluczky v. City of White Plains,* 57 F.3d 202, 206 (2d Cir.1995). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. *See, e.g., Clapp v. Greene,* 743 F.Supp. 273, 276 (S.D.N.Y.1990); *Albert v. Carovano,* 851 F.2d 561, 572 (2d Cir.1988).

## IV. *DISCUSSION*

As a threshold matter, a litigant in federal court must demonstrate that the chosen forum has subject matter jurisdiction over the case. It is the burden of the party asserting jurisdiction to prove that it exists. *Luckett v. Bure,* 290 F.3d 493, 497 (2d Cir.2002). Whenever a court lacks subject matter jurisdiction, the action must be dismissed. Fed.R.Civ.P. 12(h)(3).

[redacted] The *Rooker–Feldman* doctrine stands for the proposition that "lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments." *Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2d Cir.2002); *see D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 486–7, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). That is, among the federal courts, only the Supreme Court may review state court judgments. *Moccio v. N.Y. State Office of Court Admin.,* 95 F.3d 195, 197 (2d Cir.1996).

[redacted] *Rooker–Feldman* prevents lower courts both from hearing claims "actually litigated in state court" and "from exercising jurisdiction over claims that are 'inextricably intertwined' with state court determinations." *Kropelnicki,* 290 F.3d at 128 (quoting *Feldman,* 460 U.S. at 482–83, 103 S.Ct. 1303). A claim is inextricably intertwined with a state court judgment if "the injury alleged by the federal plaintiff resulted from the state court judgment itself." *Johnson v. Smithsonian Inst.,* 189 F.3d 180, 186 (2d Cir.1999) (quoting *Garry v. Geils,* 82 F.3d 1362, 1365 (7th Cir.1996)).

[redacted] Harris's claim is inextricably intertwined with the Ohio order because the injury Harris complains of is that the Ohio order placed Paul S.'s assets out of the reach of creditors. The relief Harris seeks would entail overturning the Ohio order. In effect, Harris seeks appellate review of a state court judgment in Federal District Court, an action outside the jurisdiction Congress has conferred. As the party asserting jurisdiction, Harris has failed to carry the burden of establishing subject matter jurisdiction. Accordingly, all of Harris's claims must be dismissed.

## V. *CONCLUSION*

Based upon the foregoing, it is hereby

ORDERED that

1. Defendants' motions to dismiss are GRANTED; and

2. The complaint is DISMISSED in its entirety, without prejudice.

The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.