290 F.3d 493
 Hugo B. LUCKETT, Plaintiff-Appellant,
v.
Paul BURE, Mr., Local President 2739 AFGE, Defendant,
Lynne E. Derie, LTC, Chief, Support Division, United States Army Reserve Command (USARC), William Collin Jr., Gen., CG, 77th Regional Support Command, Tom Kane Jr., Mr., 77th RSC, PMO, Terry W. Hunter, LTC, Group Deputy Commander, Michael Scotto, LTC, 695th CSB, Commander,
Robert F. Weigand, Maj., 695th CSB, XO, Anthony Shepherd, CPT, Commander, 140th QM CO, Dylan Seitz, CPT, 77th RSC Military Justice, Walter Noller, CSM, 695th CSB, Command Sgt Major, Joseph Matthews, SFC, 140th QM CO, Maint NCOIC, Terry Gibbons, Ms., 77th RSC, CPO Representative, Defendants-Appellees.
 Docket No. 01-6178.
 United States Court of Appeals, Second Circuit.
 Argued March 25, 2002.
 Decided May 17, 2002.
 
 Hugo B. Luckett, pro se, Bronx, NY, for Appellant.
 Sarah Normand, Assistant United States Attorney, Southern District of New York, New York City (Mary Jo White, United States Attorney, Nicole L. Gueron and Jeffrey Oestericher, Assistant United States Attorneys, Southern District of New York, New York City, of counsel), for Appellees.
 Before OAKES, SACK, and BRIGHT*, Circuit Judges.
 BRIGHT, Circuit Judge.
 
 
 1
 Hugo Luckett served as both a sergeant and a civilian employee in the United States Army Reserves ("USAR"). The defendants are personnel of the USAR. Luckett filed a complaint against the defendants, alleging numerous incidents of wrongdoing: racial discrimination, duress, harassment, conspiracy, forgery, slander, defamation of character, malice, stress, mental and physical abuse, sabotage, retaliation, and perjury. The defendants moved to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The district court granted the defendants' motion. Luckett appealed. Although our reasoning differs from that of the district court, we affirm the dismissal of Luckett's claims.
 
 BACKGROUND
 
 2
 Luckett served as a USAR sergeant with the 140th Quartermaster Company at Fort Totten, New York. Luckett also had civilian employment with the Company as a technician. Under Army regulations, as a condition of employment, civilian military technicians are required to maintain continuing membership in the USAR unit in which they are employed. Failure to meet this military obligation constitutes failure to meet a condition of the civilian employment. Luckett signed a statement acknowledging this military obligation when he was appointed a civilian military technician in 1989.
 
 
 3
 In September 1999, Luckett's Deputy Commander, Lieutenant Colonel Terry W. Hunter, initiated proceedings to separate Luckett from the USAR for "misconduct and failure to make progress on the [Army's] weight control program." In an undated memorandum to Luckett, Hunter stated that he was recommending Luckett receive an "Other than Honorable Discharge." The memo listed the grounds for the recommendation as several incidents of severe disrespect and insubordination, refusal to take the Army Physical Fitness Test when ordered to do so, and consumption of alcohol prior to a drill.
 
 
 4
 The next month, an independent Board of Inquiry (BOI) held a separation hearing. The BOI did not find that the Army proved that Luckett was insubordinate, but did find that he had not kept his weight within the Army's standards and had not passed a physical fitness test since October 1997. Nevertheless, the BOI recommended that Luckett be retained in the USAR.
 
 
 5
 The Army's Staff Judge Advocate ("SJA") subsequently conducted a legal review and recommended that Luckett be transferred from the USAR 140th Quartermaster Company to the Individual Ready Reserve ("IRR"). The SJA based his determination on Army regulations that authorize the involuntary transfer of a reservist to the IRR based on failure to maintain body fat standards. On January 10, 2000, Luckett was reassigned to the IRR. As a result of this military reassignment, Luckett no longer met a condition of his civilian employment. He was discharged from his position as a civilian military technician.
 
 
 6
 Luckett's pro se complaint is somewhat unclear, but it appears to assert tort and discrimination claims in connection with his transfer to the IRR, his discharge from civilian employment, and his alleged mistreatment by the defendants during the months before his discharge. On July 28, 2000, defendants moved to dismiss the complaint for lack of subject matter jurisdiction. On April 3, 2001, the district court issued an opinion granting this motion and dismissed the complaint.
 
 STANDARD OF REVIEW
 
 7
 The district court granted the defendants' motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. On appeal from this judgment, we review the district court's factual findings for clear error and its legal conclusions de novo. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Id. In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. See id. (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996)).
 
 DISCUSSION
 
 8
 We affirm the district court's dismissal of Luckett's claims of sabotage, forgery, and perjury, which are crimes and therefore do not give rise to civil causes of action. We also affirm the district court's dismissal of Luckett's tort claims under the Federal Tort Claims Act ("FTCA"). The district court did not err in dismissing these claims as barred by the FTCA, 28 U.S.C. § 2680(h), and the Feres doctrine. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). The Feres doctrine immunizes the government[1] from liability for injuries to members of the armed services where the injuries arise in the course of activity incident to service. Id. at 146, 71 S.Ct. 153. The Feres doctrine applies to members of the military reserves. See Wake v. United States, 89 F.3d 53, 59 (2d Cir.1996). The torts Luckett alleges all occurred on army property and most of the incidents involved Luckett's superior officers giving him orders. The district court correctly dismissed all of Luckett's tort claims related to Luckett's military activities.
 
 
 9
 The district court's dismissal of Luckett's discrimination claims, however, merits closer scrutiny. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., is the exclusive remedy for discrimination by the federal government on the basis of race, religion, sex or national origin. Title VII generally does not apply to uniformed members of the armed services, including members of the Army Reserves. See Roper v. Dep't of the Army, 832 F.2d 247, 248 (2d Cir.1987).
 
 
 10
 On the Title VII claim, the district court concluded that "the termination of the civilian position was nothing more than an automatic step following from plaintiff's transfer from one military unit to another." Under this view, any discrimination Luckett may have suffered related solely to his military service. Because Title VII does not apply to uniformed members of the armed services, including members of the military reserves, the district court reasoned, Luckett has no legal basis upon which to assert his discrimination claim.
 
 
 11
 In support of the district court's decision, the government argues that Luckett's civilian job is governed by Army regulations that require continuing membership in the USAR as a condition of employment. The regulations are clear that failure to meet this military obligation constitutes a failure to meet a condition of civilian employment. Luckett signed a condition of employment statement acknowledging this requirement. Luckett's transfer from the USAR to the IRR and the "concomitant discharge" from civilian employment was "unequivocally" a military action, according to the government. Additionally, Luckett's claims of racial discrimination appear directed primarily against his military supervisors and the subject matter of the claims relates to military regulations, such as the Army's weight control requirements.
 
 
 12
 "Traditionally, the courts have been quite reluctant to review or intervene in matters concerning the military." Crawford v. Cushman, 531 F.2d 1114, 1120 (2d Cir.1976) (finding no basis for judicial deference to the Marine Corps regulation which mandated the discharge of women from the Marine Corps for pregnancy); see also MacFarlane v. Grasso, 696 F.2d 217, 221 (2d Cir.1982) ("[T]he judiciary must be careful, on appropriate occasions, to defer to the decisions of military authorities."). Against this backdrop, we now face the question of whether an USAR technician, whose job is a hybrid military-civilian job, can maintain a Title VII employment discrimination action.
 
 
 13
 Neither the district court nor the parties cite to any case law directly on point. Our research has revealed a factually similar case from the Ninth Circuit, Mier v. Owens, 57 F.3d 747 (9th Cir.1995). In Mier, the plaintiff, Mier, worked as a technician for the Army National Guard. He served in a civilian capacity as a full-time supply management officer and in a military capacity as a commissioned officer not on active duty. To hold the civilian position, Mier was required to be a member of the National Guard and to hold the commensurate military position. Id. at 748.
 
 
 14
 Mier filed a Title VII complaint in which he alleged that Army National Guard officials discriminatorily denied him military promotions, then suspended him from civilian employment as a result of the denial of the requisite military promotions. The Mier court faced the same question we face today: whether the technician, whose job was a hybrid military-civilian position, could maintain a Title VII employment discrimination action.
 
 
 15
 In resolving this issue, the Ninth Circuit recognized, "Courts regularly decline to hear lawsuits involving personnel actions integrally related to the military's unique structure." Mier, 57 F.3d at 749. However, the court went on to conclude:
 
 
 16
 [I]n some circumstances, personnel actions are not integrally related to the military's structure. Concerns regarding military hierarchy and discipline may not be at issue in suits alleging discriminatory conduct on the part of peers or subordinates. In addition, actions affecting civilian employees may not involve matters considered military in nature. Because Guard technicians are in a hybrid job entailing both civilian and military aspects, we conclude that Title VII coverage of civilians employed by the military encompasses actions brought by Guard technicians except when the challenged conduct is integrally related to the military's unique structure.
 
 
 17
 Id. at 750.
 
 
 18
 The Mier court ultimately decided that Mier's claims were integrally related to the military's unique structure because they were based upon his not being promoted to the rank of major. The court determined that Title VII does not allow the court to review decisions regarding the military's promotion of individuals serving as Guard technicians. See id. at 751. Mier's suspension from civilian promotion resulted from a denial of military promotion and so the suspension likewise could not be reviewed.
 
 
 19
 The Fifth Circuit has also recently considered this issue in Brown v. United States, 227 F.3d 295 (5th Cir.2000). In Brown, the plaintiff was an Air Reserve Technician ("ART"), a full-time civilian position that required Brown also serve in the military reserves. Id. at 297. Brown was charged with misconduct and substandard performance and was honorably discharged. Pursuant to this military discharge, Brown was relieved of his civilian ART responsibilities because he was unable to meet the position's requirement that he maintain reserve duty status.
 
 
 20
 In deciding whether a dual-status employee could seek relief under Title VII, the Fifth Circuit explained that claims by ARTs "must be categorized as either arising from their position as a civilian employee of a military department, or their position as a uniformed service member." Brown, 227 F.3d at 299. The Brown court then elected "to determine whether a dual-status employee's claim is cognizable under Title VII according to the lines drawn by the EEOC."[2] Applying the EEOC's regulation, the court held that "claims arising purely from an ART's civilian position are provided for under Title VII; claims that originate from an ART's military status, however, are not cognizable." Id. at 299.[3] This resolution is distinguished from the "slightly different approach" taken by the Ninth Circuit in Mier v. Owens. See Brown, 227 F.3d at 299. In a footnote, the Fifth Circuit discussed Mier: "We do not reach the situation where the classification of a claim is difficult, in which case we may have to rely on factors such as whether the conduct is `integrally related to the military's unique structure.' The instant case does not pose that level of difficulty." 227 F.3d at 299 n. 5 (citations omitted).
 
 
 21
 Despite Brown's attempts to characterize his claim as arising from his civilian position, the Fifth Circuit categorized the claim as an effort to obtain judicial review of his military discharge.
 
 
 22
 We do not see a meaningful conflict between the positions taken by the Ninth and Fifth Circuits, and we agree with both of them. Accordingly, we determine that Title VII protections extend to discrimination actions brought by military personnel in hybrid jobs entailing both civilian and military aspects except when the challenged conduct is integrally related to the military's unique structure. There may be cases in which dual-status, military-civilian employees allege a justiciable Title VII complaint arising purely from their civilian employment.
 
 
 23
 Luckett challenges both his transfer from the USAR to the IRR and the attendant loss of his civilian position. Reading his complaint broadly and drawing all inferences from those allegations in the light most favorable to Luckett, we cannot find any claims of discrimination that arise purely from his civilian employment. Luckett's discrimination claims relate primarily to his transfer and to actions taken by his military supervisors. As such, these claims are not justiciable because they are integrally related to the military's unique structure.
 
 
 24
 The dismissal is affirmed.
 
 
 
 Notes:
 
 
 *
 The Honorable Myron H. Bright of the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 The United States Attorney certified that the individual federal defendants were acting within the scope of their employment at the time of the incidents alleged in the complaint, and Luckett does not object to the certification. The tort claims are thus deemed to be claims against the United States and the United States is substituted as a party with regard to Luckett's common law tort claims
 
 
 [2]
 The Equal Employment Opportunities Commission ("EEOC") regulation, 29 C.F.R. § 1614.103 governs Title VII claims brought by members of the armed forces:
 (a) Individual and class complaints of employment discrimination and retaliation prohibited by title VII ... shall be processed in accordance with this part....
 (b) This part applies to:
 (1) Military departments as defined in 5 U.S.C. 102; ...
 (d) This part does not apply to:
 (1) Uniformed members of the military departments referred to in paragraph (b)(1) of this section: ....
 
 
 [3]
 It is unclear how the Fifth Circuit reads the EEOC regulation to support the distinction it draws between "purely" civilian claims brought by reservists and claims that originate from a reservist's military status. Nonetheless, we agree with the Fifth Circuit's line-drawing