**UNITED STATES, Plaintiff–Appellee,**

v.

**APPROXIMATELY $25,829,681.80 IN FUNDS (PLUS INTEREST) IN THE COURT REGISTRY INVESTMENT SYSTEM, Formerly Held in Account Nos. 110–11188 and 110–10847 in the Name of Dr. Floriberta Clemente at Merrill Lynch, Pierce, Fenner & Smith Incorporated, Defendant–In–Rem,**

**Floriberta Clemente, Claimant–Appellant,**

**Kerkvoogdijraad Van Moluske Kerken, Ecclesiastical Council of Moluccan Churches in the Netherlands, Merrill Lynch, Pierce, Fenner & Smith, Inc., George J. Lambert, Albert Arnold, Stabilimento Infante, Cassonic Trade & Commerce Ltd., Claimants.**

No. 02–6177.

United States Court of Appeals, Second Circuit.

Feb. 19, 2003.

Richard PU, New York, New York, for Appellant.

Daniel S. Ruzumna, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York; Meir Feder Assistant United States Attorney, on the brief), New York, New York, for Appellee.

PRESENT: JACOBS, F.I. PARKER, Circuit Judges, and KAPLAN,* District Judge.

*SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF

---

* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 19th day of February, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

On April 15, 1998, the United States filed a complaint in this action, seeking the forfeiture of $25,829,681.80 in funds in Roberta Clemente's account with Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"). Pursuant to 18 U.S.C. § 981, as then in effect, the Government alleged that the funds in Clemente's account were (i) proceeds traceable to a violation of wire fraud statute, 18 U.S.C. § 1343, affecting a financial institution, and (ii) property involved in a violation of the money laundering statutes, 18 U.S.C. §§ 1956, 1957. In separate Orders, the district court (1) denied Clemente's motion to dismiss for lack of subject matter jurisdiction; (2) granted partial summary judgment to the Government with respect to approximately $24.8 million of the funds, representing the amount lost by two victims; and (3) granted partial summary judgment to the Government with respect to the remaining the funds, representing the amount lost by the other two victims.

Clemente challenges the denial of her motion to dismiss for lack of subject matter jurisdiction, arguing that the civil forfeiture law has no extraterritorial application absent "conduct" or "effects" in the United States. Clemente's argument is premised on her allegation that the only U.S. activity at issue in this case is the incidental and transient use of U.S. wires during the transfer of funds from the foreign victims' non-U.S. banks to her account, which she claims was located in London.

The district court assumed for the purposes of the motion that Clemente accurately characterized the U.S. connection to the fraud, and held that it had subject matter jurisdiction over that part of the *res* representing the foreign victims' funds because the use of wires within the United States was sufficient to confer jurisdiction over the predicate acts of wire fraud and money laundering. Because it would have jurisdiction over the predicate acts, the court concluded that it had jurisdiction over the forfeiture claim.

We review the district court's denial of Clemente's motion to dismiss for lack of subject matter jurisdiction *de novo*. *See, e.g., Luckett v. Bure,* 290 F.3d 493, 496 (2d Cir.2002). We agree with the district court that it had jurisdiction, but we do so on different grounds.

The Government presented uncontroverted evidence that the funds in Clemente's account were held by Merrill Lynch in an account it maintains at Northern Trust Company in New York. The foreign victims (and the American victims) were given directions to wire the money to a Northern Trust account in New York, which was in fact Clemente's account. The funds were held by Northern Trust in New York for months. The substantial and prolonged U.S. connection to these funds, and to the underlying fraud, was significantly greater than under Clemente's version. Hence, we see no error in the district court's exercise of jurisdiction over all the funds.

Clemente also challenges the district court's two grants of partial summary judgment to the Government. We review the district court's grant of summary judg-

ment *de novo. See, e.g., Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998). After reviewing Clemente's arguments, we affirm for substantially the reasons given by the district court.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.