Kevin O'ROURKE, Plaintiff,

v.

SMITHSONIAN INSTITUTION PRESS
and The Smithsonian Institution,
Defendants.

No. 03 CIV. 4395(KMW).

United States District Court,
S.D. New York.

Nov. 14, 2003.

Kevin O'Rourke, Rockville Centre, NY, pro se.

Emily S. Reisbaum, Assistant United States Attorney, U.S. Attorney's Office, New York City, for Defendant.

WOOD, District Judge.

Kevin O'Rourke, *pro se,* commenced this copyright infringement action against the Smithsonian Institution Press pursuant to the Federal Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* Defendant Smithsonian Institution Press moved to dismiss the complaint for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Along with Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, plaintiff included an Amended Complaint that added The Smithsonian Institution as a co-defendant. The Court accepted plaintiff's Amended Complaint, but notes the Smithsonian Institution Press's position that the addition of The Smithsonian Institution as a defendant does not cure this Court's alleged lack of subject matter jurisdiction. *See* Reply Memorandum of Law in Further Support of the Defendant's Motion to Dismiss, filed October 16, 2003, at 2 n. 2. For the reasons set forth below, the Court holds that it lacks subject matter jurisdiction in this matter, and thus dismisses this suit.

## I. Background

Plaintiff alleges in his Amended Complaint that he authored an original book entitled *Currier and Ives: The Irish in America* for which he owns a protected copyright. Plaintiff alleges that this copyright was infringed by the Smithsonian Institution Press and The Smithsonian Institution when they published and marketed a book entitled *Currier and Ives: America Imagined.*

Defendant Smithsonian Institution Press moves to dismiss for lack of subject matter jurisdiction, arguing that the Court of Federal Claims has exclusive jurisdiction over copyright claims brought against the United States. *See* 28 U.S.C. § 1498(b). Plaintiff responds that defendants are independent entities that do not fall within the term "United States" for purposes of 28 U.S.C. § 1498(b).

## II. The Standard for Granting a Motion to Dismiss for Lack of Subject Matter Jurisdiction

In a motion to dismiss pursuant to Rule 12(b)(1), "the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Luckett v. Bure*, 290 F.3d 493, 496–97 (2d Cir.2002).

## III. 28 U.S.C. § 1498(b)

28 U.S.C. § 1498(b) states, in relevant part:

> whenever the copyright in any work protected under the copyright laws of the United States shall be infringed by *the United States,* by a corporation owned or controlled by the United States, or by a contractor, subcontractor, or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government, the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims .... (emphasis added)

Defendants argue that the plain meaning of Section 1498(b) supports a finding that defendants are "the United States" for purposes of the statute. Specifically, defendants argue that the phrase "the United States" should be interpreted broadly to encompass a wide array of governmental entities, including the Smithsonian Institution Press and The Smithsonian Institution. Plaintiff construes the statute more narrowly, arguing that it is extremely "restrictive" of the jurisdiction of the Court of Federal Claims, and that it identifies a limited set of entities to which it applies.

Plaintiff's interpretation of the statute is clearly wrong. Plaintiff's interpretation would effectively read out of the statute the phrase "the United States," and would instead limit the jurisdiction of the Court of Federal Claims to copyright actions brought against "corporations owned or controlled by the United States" and certain entities "acting for the government and with the authorization or consent of the government." *Id.* (*quoting* 28 U.S.C. § 1498(b)). A plain reading of the statute indicates that the Court of Federal Claims has exclusive jurisdiction over copyright actions brought against the United States *as well as* those to which the plaintiff refers.

The only question before the Court, therefore, is whether The Smithsonian Institution, "a trust instrumentality of the United States," *see* Plaintiff's Amended Complaint at ¶ 3, and the Smithsonian Institution Press, "an operating unit of The Smithsonian Institution," *see id.* at ¶ 5, are "the United States" for purposes of Section 1498(b).[1] If defendants are "the United States" for purposes of the statute, Section 1498(b) grants exclusive jurisdiction over plaintiff's copyright claim to the Court of Federal Claims, and this Court must dismiss the present action for lack of subject matter jurisdiction.

The Court concludes that the phrase "the United States" should be interpreted broadly for purposes of Section 1498(b). The language of the statute suggests Congress's intent to grant the Court of Federal Claims exclusive jurisdiction over all copyright claims in which the United States has a sufficiently strong interest, or in which the United States was involved in

---

1. Defendants do not contend that they fall within any category other than "the United States" for purposes of Section 1498(b). The Court does not, therefore, consider plaintiff's argument that defendants are not "corpora-

tions," nor does the Court consider plaintiff's argument that defendants were not acting with the authorization of the government when it allegedly infringed plaintiff's copyright.

the alleged infringement. That language provides for the Court of Federal Claims to have exclusive jurisdiction over not only all copyright claims against the United States, but also all claims against corporations owned or controlled by the United States and claims against various private entities "acting for the government and with the authorization or consent of the Government."

The only decision on the precise question of whether the Smithsonian Institution is included within the broad scope of "the United States" for purposes of Section 1498(b) concluded that the Court of Federal Claims does have exclusive jurisdiction over copyright actions brought against the Smithsonian Institution. *See Brundin v. United States*, No. 95 Civ. 2689, 1996 WL 22370 (S.D.N.Y. Jan. 19, 1996). There, Magistrate Judge James C. Francis held that the Smithsonian Institution is an "instrumentality of federal government and, consequently, entitled to sovereign immunity." *Id.* at *9. Magistrate Judge Francis further held that the Court of Federal Claims has exclusive subject-matter jurisdiction over such claims, and dismissed plaintiff's copyright claims.

Like Section 1498(b), the Tucker Act, 28 U.S.C. § 1491, grants the Court of Federal Claims jurisdiction over certain claims against the United States. The Tucker Act gives the Court of Federal Claims "jurisdiction to render judgment . . . upon any express or implied contract with *the United States* . . . ." 28 U.S.C. § 1491(a)(1) (emphasis added). The Court of Federal Claims has construed the term "the United States" for purposes of the Tucker Act to include the Smithsonian Institution and Smithsonian Institution Press. *See Dolmatch Group, Ltd. v. United States*, 40 Fed.Cl. 431 (1998). In *Dolmatch Group, Ltd.*, the Court of Federal Claims exercised its jurisdiction under the Tucker Act in a contract dispute between the Dol-match Group and the Smithsonian Institution. One question the court considered was whether the agent who allegedly entered into a contract with the Dolmatch Group was authorized by the Smithsonian Institution to enter into contracts on its behalf. In considering this question, the court necessarily assumed that a valid contract between the Dolmatch Group and the Smithsonian Institution is a contract between the Dolmatch Group and the United States. *See id.* at 436 ("The primary question is whether a contract . . . came into existence between the [plaintiff] and the Smithsonian. A party alleging a contract with the United States must prove . . . ."). In providing the background facts of the dispute, the court stated that the "Defendant [the United States] acted through the *Smithsonian Institution Press*, video division . . . ." *Id.* at 432 (emphasis added).

Judge Buchwald similarly concluded that the Smithsonian Institution is "the United States" for purposes of the Tucker Act. *See Marley v. Ibelli*, 203 F.Supp.2d 302 (S.D.N.Y.2001). Although the *Marley* case began solely as an action in tort filed against the plaintiff's former co-workers at the Smithsonian Institution, plaintiff later asked for leave to file an amended complaint adding contract claims against the United States arising out of the actions of employees of the Smithsonian Institution. *See id.* at 311–12. The court denied plaintiff's motion for leave to amend, holding that contract claims against the Smithsonian Institution are claims against the United States that are within the exclusive jurisdiction of the Court of Claims. *See id.* at 312.

The Court notes that other decisions recognize the close relationship between the United States and the Smithsonian Institution. *See Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian,*

566 F.2d 289, 296 n. 6 (D.C.Cir.1977) (finding that the Smithsonian Institution is a "federal agency" for purposes of the Federal Tort Claims Act, primarily because of the "substantial federal funding and the important supervisory role played by government officials ..."). Defendants claim, and plaintiff does not dispute, that 68% of the Smithsonian Institution's workforce is made up of federal employees, *see* Declaration of John E. Huerta, ¶ 5; that the Smithsonian Institution is represented by lawyers from the United States Department of Justice, *see id.* at ¶ 4; and that monetary judgments against the Smithsonian are paid from the United States Judgment Fund. *See id.*

### IV. Conclusion

The Court holds that for the purposes of Section 1498(b), defendants are included within the scope of the phrase "the United States." Section 1498(b) grants the Court of Federal Claims exclusive jurisdiction over copyright claims brought against the United States. The Court thus lacks subject matter jurisdiction over plaintiff's claim. The Court grants defendant Smithsonian Institution Press's motion to dismiss as against both defendants. The Clerk of Court is directed to close this case. Any pending motions are moot.

SO ORDERED