**Lidia SWIATKOWSKI and Michael Swiatkowski, Plaintiffs–Counter–Defendants–Appellants,**

v.

**BANK OF AMERICA, NT & SA, as Successor by Merger to Bankamerica National Trust Company (New York) as Trustee, Manton, Sweeny, Gallo, Reich & Bolz, LLP, Sweeney, Gallo & Reich, and Citimortgage Inc., Defendants–Counter–Claimants–Appellees.**

No. 03–7895.

United States Court of Appeals, Second Circuit.

June 17, 2004.

Lidia Swiatkowski and Michael, Swiatkowski, Massepequa, NY, for Appellants, pro se.

Rashel M. Mehlman, Manton, Sweeney, Gallo, Reich & Bolz, LLP, Rego Park, NY, for Appellees.

PRESENT: WALKER, Chief Judge, OAKES, and POOLER, Circuit Judges.

### SUMMARY ORDER

Plaintiffs-counter-defendants-appellants Lidia and Michael Swiatkowski ("the Swiatkowskis") appeal from an order of the district court for the Eastern District of New York (Arthur D. Spatt, *District Judge*), dismissing their July 2002 complaint alleging, *inter alia*, that defendants (1) committed "consumer harassment;" (2) rejected their mortgage payments in vio-

lation of a settlement plan; (3) conspired to force them to leave their home; (4) "deceived the court" and initiated a foreclosure action based on "misleading information;" and (5) caused them to suffer medical and credit problems. In August 2003, the district court granted the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), holding that under the *Rooker–Feldman* doctrine, the court lacked subject matter jurisdiction: even reading the complaint liberally, the court found that the Swiatkowskis' lawsuit was effectively seeking to re-litigate a judgment of foreclosure entered against them by the state court. We affirm.

We review a district court's dismissal for lack of subject matter jurisdiction *de novo*. See *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir.2002). It is well settled that inferior federal courts lack jurisdiction to review state court decisions. See *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 138 (2d Cir.1997); *Gentner v. Shulman*, 55 F.3d 87, 89 (2d Cir.1995). The *Rooker–Feldman* doctrine bars not only claims that involve direct review of a state court decision, but also claims that are "inextricably intertwined" with a state court decision. *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir. 1996). As we agree that the Swiatkowskis' claims are plainly covered by the *Rooker–Feldman* doctrine, the district court was correct in finding that it did not have jurisdiction to hear their lawsuit.

The district court found that subject matter jurisdiction was lacking for still another reason: jurisdiction was predicated on 28 U.S.C. § 1332, and there was not complete diversity between the parties. See *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir.1990) ("It is well estab-

lished that for a case to come within this statute there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). Because the Swiatkowskis and two of the defendants are New York citizens, the requirements for diversity jurisdiction cannot be met in this case. Accordingly, we also affirm on this alternative ground.

We have carefully considered all the Swiatkowskis' arguments, including those advanced in their 28J letter of June 2004, and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.