**Leon F. HENRY, Plaintiff–Appellant,**

v.

**Richard PURVIS, Richard Gregory, Cindy F. Intschert, Larry Jobson, and John Bush, Defendants–Appellees.**

No. 03–0342–PR.

United States Court of Appeals,
Second Circuit.

Sept. 29, 2004.

Leon F. Henry, Lisbon, OH, for Appellant, pro se.

John V. Hartzell, County, Attorneys Office, Jefferson County, Watertown, NY, Christina E. Stone, Slye Burrows Law Firm, Watertown, NY, for Appellees.

Present: SACK, RAGGI, and HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby, is, AFFIRMED.

Plaintiff-appellant Leon Henry, pro se and incarcerated, appeals from the judgment of the United States District Court for the Northern District of New York dismissing his complaint alleging violations of 42 U.S.C. § 1983 against Jefferson County, Judge Hugh Gilbert, District Attorney Cindy Intschert, Detective Richard Purvis, Detective John Bush, Detective Richard Gregory, and Sergeant Larry Jobson. Henry seeks his immediate release from incarceration and damages for the defendants' actions stemming from his arrest and trial and the forfeiture of his vehicle.

In November 2003, the district court granted the defendants' motion to dismiss and motion for summary judgment. The court concluded that Henry's claims arising out of the forfeiture proceeding are barred by the *Rooker–Feldman* doctrine, *see District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923), which prohibits federal district courts from considering claims that are "inextricably intertwined" with prior state-court determinations. The district court noted that to the extent that the complaint asserts that the federal criminal charges and the state forfeiture action violate principles of double jeopardy, there is no general constitutional bar to duplicative prosecutions in state and federal court.

*Koon v. United States,* 518 U.S. 81, 112, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). The court also concluded that it could not consider Henry's claims regarding the validity of his criminal conviction until his direct appeals are exhausted.

On an appeal from a dismissal for lack of subject-matter jurisdiction, we review the district court's factual findings for clear error and its legal conclusions de novo. *Luckett v. Bure,* 290 F.3d 493, 496 (2d Cir.2002). We also review de novo orders granting motions to dismiss and motions for summary judgment. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002) (motion to dismiss); *Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 763 (2d Cir.2002) (summary judgment).

■ The district court correctly concluded that it was barred by the *Rooker–Feldman* doctrine from considering Henry's claim arising out of the forfeiture proceeding. A review of the complaint would necessitate an inquiry into the propriety of the state court's judgment declaring Henry's vehicle to be forfeit. Such an inquiry is precisely the type that *Rooker–Feldman* precludes. *See Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 197 (2d Cir.1996).

■ With respect to Henry's double jeopardy claim, the district court correctly noted that there is no general constitutional bar to duplicative prosecutions in state and federal court. *Koon,* 518 U.S. at 112.

■ Finally, Henry's first and second causes of action assert that the defendants lied to obtain a search warrant, planted evidence, destroyed exculpatory evidence, and violated Henry's constitutional rights when they did not allow him to use the telephone after his arrest. Henry also

**624**

makes allegations of false arrest and malicious prosecution. The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), requires dismissal of these claims. In *Heck*, the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to do so, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. A claim for damages based on a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.* at 487.

Here, the criminal proceeding in which the challenged actions occurred is pending on appeal. Because Henry has not had his conviction invalidated, pursuant to *Heck*, his section 1983 claim, if any, has not yet accrued. *See Covington v. City of New York*, 171 F.3d 117, 119, 122 (2d Cir.1999).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.