**Jonathan K. SMITH, a Member of the Shinnecock Indian Nation Residing on the Shinnecock Indian Nation Reservation, Plaintiff–Appellant,**

v.

**Douglas SHULMAN, in his Official Capacity as Commissioner of Internal Revenue,\* Defendant–Appellee,**

**Shinnecock Indian Nation, Interested Party.**

No. 08–1896–cv.

United States Court of Appeals, Second Circuit.

June 17, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Commissioner of Internal Revenue Douglas Shulman is automatically substituted for former Commissioner Mark W. Everson as party to this case.

608

Scott Michael Moore, New York, N.Y., for Plaintiff–Appellant.

Marion E.M. Erickson (Nathan J. Hochman, Thomas J. Clark, on the brief), Tax Division, Department of Justice, Washington, D.C., for Appellee.

Present: Hon. ROGER J. MINER, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. TIMOTHY C. STANCEU, Judge.**

**SUMMARY ORDER**

Plaintiff-appellant Jonathan K. Smith ("Smith") appeals from the March 21, 2008, 2008 WL 818512, judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*), dismissing for lack of subject matter jurisdiction a complaint against the defendant-appellee United States Commissioner of Internal Revenue. In the complaint, Smith sought a refund, injunctive relief, and a declaration that the Internal Revenue Service ("IRS") illegally assessed taxes, penalties, and interest on income that Smith, a member of the Shinnecock Indian Nation, earned on the Shinnecock Indian Reservation in tax year 2000.

Smith alleges that he first learned of the IRS's intention to assess taxes and penalties when he received a back-up withholding notice dated January 21, 2005 from a third party informing him that twenty-eight percent would be withheld on all cash payment of dividends, interest, and original issue discount income in accordance with 26 U.S.C. § 3406(a)(1)(c). Smith also contends that he received his first notice of the $128,624.86 assessment from the IRS on June 11, 2005. Smith filed an objection with the IRS on June 13, 2005, contending that he had received no notice of the assessment and that the relevant income was not subject to income tax. Smith requested a collection due process hearing, which was held and decided in favor of the IRS. The appellee argues that the present action properly should have been brought in United States Tax Court as an appeal from the due process hearing pursuant to 26 U.S.C. § 6330(d) and that the district court therefore did not err in dismissing the complaint for lack of subject matter jurisdiction. We review a dismissal for lack of subject matter jurisdiction de novo. *See Luckett v. Bure,* 290 F.3d 493, 496 (2d Cir.2002).

▬ Insofar as Smith is attempting to appeal the adverse decision of the due process hearing officer, including the hearing determination on the issue of notice, Smith's recourse was to appeal to the United States Tax Court, which has exclusive jurisdiction over such matters. 26 U.S.C. §§ 6320(c), 6330(d)(1). With respect to a claim for refund of income tax paid, Smith was statutorily required to file an administrative claim and pay the tax in full prior to filing suit in the district court. 26 U.S.C. § 7422(a); *Flora v. United States,* 362 U.S. 145, 175–77, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Smith's attempt to obtain an injunction against IRS collection of income tax is barred by the Tax Anti–Injunction Act, and Smith has not demonstrated that there are no circumstances under which the government could prevail

** The Honorable Timothy C. Stanceu, United States Court of International Trade, sitting by designation.

in this action and that equity jurisdiction otherwise exists. 26 U.S.C. § 7421(a); *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). The Declaratory Judgment Act likewise prevented the district court from issuing declaratory relief. 28 U.S.C. § 2201. Finally, we cannot say that the district court abused its discretion in denying Smith's motions to amend the complaint because amendment would not have cured the jurisdictional defects.

Accordingly, the judgment of the district court dismissing the action for lack of subject matter jurisdiction is hereby **AFFIRMED.**