**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3204
_____

FREDERICK D. WAGNER,
                                        Appellant
v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-00801)
District Judge:  Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 9, 2013
Before:  FUENTES, GREENBERG and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 14, 2014)

_____

OPINION
_____

PER CURIAM

        Frederick Wagner appeals from an order of the United States District Court for the

Western District of Pennsylvania, which dismissed with prejudice his filing, construed as

a civil rights complaint.  We will affirm the District Court's judgment.

        Wagner alleges that he was employed by Sears for three months in 2011 but left

when his hours were reduced substantially.  Wagner filed for unemployment compensation but was denied benefits.  Wagner appealed to the Unemployment Compensation Board of Review ("UCBR"), the Commonwealth Court of Pennsylvania and the Pennsylvania Supreme Court, but was unsuccessful at each step.  Wagner then filed a document in the District Court entitled, "Rule 60 Motion for Relief From Judgement," and subtitled "Complaint."  In it, he sought "Relief From a Judgement entered by the Supreme Court of Pennsylvania," and asked that the District Court "reverse the UCBR's order."  The District Court dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2), concluding that the filing, "treated as a Complaint, fails to plausibly state a claim for relief in this Court, that this Court lacks jurisdiction to adjudicate his claims to the extent they seek (explicitly or implicitly) the review or rejection of the decisions or judgments of the Pennsylvania state courts, and that such flaws are fatal to the Plaintiff's claims, now or after any possible amendment."

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over a District Court's decision to dismiss a complaint under § 1915(e)(2).  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  Under that standard, which is the same standard we apply to a dismissal under Federal Rule of Civil Procedure 12(b)(6), "[w]e accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in [Wagner's] favor." Capogrosso v. Sup. Ct. of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (quoting McGovern v. Phila., 554 F.3d 114, 115 (3d Cir. 2009)).  "The District Court's judgment is proper only if, accepting all

2

factual allegations as true and construing the complaint in the light most favorable to [Wagner], we determine that [he] is not entitled to relief under any reasonable reading of the complaint." McGovern, 554 F.3d at 115. Further, we may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

We agree with the District Court that lower federal courts lack subject matter jurisdiction to engage in direct appellate review of state court determinations under the Rooker-Feldman doctrine. See Dist. of Columbia Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). There are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) he is "complaining of injuries caused by [a] state-court judgment"; (3) the judgment was "rendered before the district court proceedings commenced"; and (4) the plaintiff is "inviting district court review and rejection of [that] judgment." Gary v. Braddock Cemetery, 517 F.3d 195, 201 (3d Cir. 2008) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Here, Wagner lost in state court before filing his federal action, the injuries of which he complains were caused by the state court judgments in question, and his request for relief specifically included invalidation of the state courts' rulings as to that claim. Thus, to the extent he sought direct review of the state courts' rulings, the District Court lacked jurisdiction to accommodate him.

Wagner argues in his brief that the District Court had jurisdiction because his complaint stated that it arose "under the rule of law 18 U.S.C.1623 where employer HR

3

manager deceived the UC Referee by material falsification under oath." To the extent

Wagner was attempting to raise an independent violation of a constitutional or statutory

federal right, it may not have been barred by Rooker-Feldman. Great W. Mining &

Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 172-73 (3d Cir. 2010). However, the

claim is without merit, as § 1623 applies by its terms to false declarations made in

federal, not state, courts. Further, § 1623 is a criminal statute that does not expressly give

rise to a private cause of action. Cf. Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002)

(perjury is a crime that does not give rise to civil cause of action).

A plaintiff should be granted the opportunity to amend his complaint unless

amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293

F.3d 103, 106 (3d Cir. 2002). Here, there are no facts suggesting a violation of Wagner's

federal or constitutional rights. Accordingly, we conclude that it would have been futile

for the District Court to provide him with leave to amend his complaint before dismissal.

As dismissal under 28 U.S.C. § 1915(e)(2) was appropriate, we will affirm the judgment

of the District Court.