Suzanne McCrory v. Administrator of the Federal Emergency Management Agency of the United States Department of Homeland Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand fifteen.

PRESENT:
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges.*

_____

Suzanne McCrory,

*Plaintiff-Appellant*,

v.                                                                                                  14-2559

Administrator of the Federal Emergency
Management Agency of the United States
Department of Homeland Security,

*Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:                      Suzanne McCrory, pro se,
                                                                            Mamaroneck, NY.

**FOR DEFENDANT-APPELLEE:**                    Shane P. Cargo (Emily E. Daughtry, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Suzanne McCrory, proceeding pro se, appeals the district court's judgment dismissing her complaint pursuant to the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001 *et seq.*, for lack of subject matter jurisdiction, based on her lack of standing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a decision as to a plaintiff's standing to sue based on the allegations of the complaint and the undisputed facts evidenced in the record." *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84-85 (2d Cir. 2014). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving the question of subject matter jurisdiction, "the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002) (citations omitted).

2

As a threshold inquiry, a federal court must determine that the plaintiff has constitutional Article III standing prior to determining issues of statutory standing or the subsequent merits of the case. *See Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87 (2d Cir. 2006). Article III standing contains three minimum requirements: (1) the plaintiff must have suffered an injury in fact (an invasion of a legally protected interest) that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) that is causally connected to the defendant's action; and (3) likely will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "[W]hen the plaintiff is not [herself] the object of the government action or inaction [she] challenges, standing is not precluded, but it is ordinarily substantially more difficult to establish." *Id.* at 562 (internal quotation marks and citations omitted).

McCrory's reliance on her statutory standing under § 4104(g) and the NFIA does not address whether she has Article III standing under the Constitution. For that inquiry, McCrory must establish an injury in fact, caused by the FEMA determinations, the harm of which is redressable if those determinations are vacated. McCrory cannot establish an injury in fact as to either FEMA determination, for the reasons stated by the district court. *See McCrory v. Adm'r of Fed. Emergency Mgmt. Agency of U.S. Dep't of Homeland Sec.*, 22 F. Supp. 3d 279, 290–92 (S.D.N.Y. 2014).

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3