18-1470-cv
Gill v. Mercy College et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand nineteen.

PRESENT:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

───────────────────────────────────────────

Patricia Gill,

> *Plaintiff-Appellant*,

> v.                                                         18-1470-cv

New York City Commission on Human Rights,

> *Defendant,*

Mercy College, Evan Imber-Black, Michael Sperling, Lois Wims, Kimberly Cline, Shelly Alkin, Deidre Whitman,

> *Defendants-Appellees.*

───────────────────────────────────────────

FOR PLAINTIFF-APPELLANT:          Patricia Gill, *pro se*,
                                                    Bronx, NY.

FOR DEFENDANTS-APPELLEES:          Jeffrey S. Kramer, Locke Lord LLP,
                                                    New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Patricia Gill ("Gill"), *pro se*, sued Mercy College and six of its administrators pursuant to 42 U.S.C. § 1983 based on an alleged Eighth Amendment violation. Liberally construed, Gill asks the district court to "reverse the decisions" of the New York Commission on Human Rights and the New York State courts, which previously rejected her argument that the college discriminated against her on the basis of disability (dyslexia and vision impairments) under the New York City Administrative Code by denying her admission into its Marriage & Family Therapy Program ("the Program").   The district court granted the motion to dismiss made by Defendants-Appellees, Mercy College and various school employees, under Federal Rule of Civil Procedure 12(b)(1) on the ground that, *inter alia*, relief in federal court was barred by the *Rooker-Feldman* doctrine.   Gill appealed.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

When a district court grants a defendant's Rule 12(b)(1) motion to dismiss, "we review the district court's factual findings for clear error and its legal conclusions *de novo.*"   *See Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002).   After "[c]onstruing all ambiguities and drawing all inferences" in a plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it "lacks the statutory or constitutional power to adjudicate it."   *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

2

"When a federal suit follows a state suit, the former may, under certain circumstances, be prohibited by what has become known as the *Rooker-Feldman* doctrine." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). This Court's review of a district court's application of *Rooker-Feldman* is *de novo*. *Id.* The doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). It has emerged as a response to complaints that "invited federal courts of first instance to review and reverse unfavorable state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). "Since federal district courts are granted original—and not appellate—jurisdiction, cases that function as *de facto* appeals of state-court judgments are therefore jurisdictionally barred." *Sung Cho,* 910 F.3d at 644. Courts are deprived of jurisdiction under this doctrine when four requirements are met: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645 (citing *Hoblock*, 422 F.3d at 85).

All four requirements are met here. First, Gill lost before the New York State Supreme Court and the Appellate Division, First Department, and the New York Court of Appeals dismissed her motion for leave to appeal, satisfying the first element. *See id.* ("[T]he federal-court plaintiff must have lost in state court . . . ."). The fourth prong is also easily met, as Gill's state-court case concluded in February 2017 when the New York Court of Appeals denied her motion for leave to appeal, but she did not file her district court action until March 2017. *Hoblock*, 422 F.3d at 85

3

("[T]he state-court judgment must have been rendered before the district court proceedings commenced . . . ." (internal quotation marks omitted)).

The second and third elements—whether Gill is complaining of injury from the state court judgment and whether she invited district court review and rejection of that judgment—are also satisfied. For *Rooker-Feldman* to apply, the federal suit must "complain[ ] of injury from a state-court judgment and seek[] to have that state-court judgment reversed." *Id.* at 86. By incorporating documents from her state court actions and by not asserting any independent claims or facts—other than a passing and unexplained reference to an Eighth Amendment claim—the district court complaint seeks only the same relief Gill sought most recently before the New York Court of Appeals: reversal of the earlier court decisions and admission into the Program. In fact, Gill's complaint explicitly states that she is "asking United States District Court to reverse the decisions the lower courts made." App'x at 34. It is therefore clear that in filing her federal complaint, Gill complains of only those injuries caused by the state courts' refusal to order her admittance into the Program and seeks to reverse their judgments. But only the U.S. Supreme Court can address such an issue. *Sung Cho*, 910 F.3d at 644 n.4. Accordingly, the second and third *Rooker-Feldman* prongs are satisfied as well.

We have considered all of Gill's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

4