20-1746-cv
*Martinez v. McCarthy*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty.

PRESENT:    JOSÉ A. CABRANES,
            SUSAN L. CARNEY,
            MICHAEL H. PARK,
                        *Circuit Judges.*

———————————————————————————————

DARLENE MARTINEZ,

                *Plaintiff-Appellant,*                         20-1746-cv

            v.

RYAN D. MCCARTHY, Acting Secretary, Department
of the Army, CHARLES MICHELS, and JONATHAN
WEISBROD,

                *Defendants-Appellees.*

———————————————————————————————

FOR PLAINTIFF-APPELLANT:          STEPHEN CIOTOLI, Gattuso & Ciotoli,
                                  Fayetteville, NY.


FOR DEFENDANTS-APPELLEES:         KAREN FOLSTER LESPERANCE, Assistant
                                  United States Attorney, *for* Grant C.
                                  Jaquith, United States Attorney, Northern
                                  District of New York, Albany, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Senior Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Darlene Martinez ("Martinez") appeals from the dismissal of her August 6, 2019 complaint, which alleged sex- and race-based discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and New York State Human Rights Law. The District Court dismissed the complaint as barred by the doctrine of intra-military immunity, as set forth in *Feres v. United States*, 340 U.S. 135 (1950) (the "*Feres* doctrine"). The principal issue on appeal is whether the District Court erred when it concluded that the *Feres* doctrine barred Martinez's Title VII employment discrimination claims against the U.S. Army arising out of her employment as a "dual status" employee of the Army, a position she took in September 2014 when she left active duty and assumed reserve status. In her final civilian-military assignment, a position she held from June 2016 to January 2019, Martinez was a "unit administrator" (also known as a "military technician") for her reserve unit. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In *Feres*, the Supreme Court held that uniformed members of the armed services may not bring suit under the Federal Tort Claims Act for "injuries that 'arise out of or are in the course of activity incident to service.'" *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004) (quoting *Feres*, 340 U.S. at 146). Since then, the courts have expanded the doctrine to apply broadly to bar suits against the government for injuries arising from "'activit[ies] incident to [military] service.'" *Id.* (quoting *United States v. Stanley*, 483 U.S. 669, 681 (1987) (alterations original)). As relevant here, we have held, "Title VII creates a limited exception to the *Feres* doctrine that allows some lawsuits to be brought pursuant to the provisions of Title VII if the plaintiff is a civilian employee of the military." *Id.* at 95 (citing *Roper v. Dep't of Army*, 832 F.2d 247, 248 (2d Cir. 1987)). We have twice considered whether the *Feres* doctrine bars suits brought under Title VII by dual-status employees like Martinez. Under our precedent, the *Feres* doctrine bars such suits brought by such employees if the challenged conduct is: (1) integrally related to the military's unique structure; or (2) is not purely civilian. *Luckett v. Bure*, 290 F.3d 493, 498-99 (2d Cir. 2002).

On appeal, Martinez argues that the *Feres* doctrine does not serve to bar her suit as a "dual status" employee. We disagree.

A dismissal pursuant to the *Feres* doctrine goes to a court's subject matter jurisdiction, *id.* at 496,[1] and we thus "review the district court's factual findings for clear error and its legal conclusions *de novo.*" *Id.* ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." (internal quotation marks and citation omitted)).

Applying the two-part test we set forth in *Luckett*, we agree with the District Court that Martinez's "allegations of harassment, discrimination and retaliation are too tightly intertwined with her military role in her dual employment and with the command structures and personnel to be 'purely civilian.'" Joint App'x 71 (quoting *Overton*, 373 F.3d at 86). Plaintiff's complaint describes harassment by other reserve members, not civilian co-workers. Her complaint also describes hostilities she experienced while engaged in military activities, such as during a "Field Exercise Training" in which Defendant-Appellee Weisbrod, a fellow reservist, allegedly left behind active duty orders "on purpose to set up [Martinez] to fail." Joint App'x 16. Following this incident, Defendant-Appellee Michels allegedly scolded and humiliated her in front of dozens of soldiers who, according to Martinez's complaint, laughed at her and "elevat[ed] [her] trauma. *Id.* She also alleges that Weisbrod and Michels failed her on a mandatory military test even when she passed, while they would pass her male counterparts, even when they failed. *Id.* at 19. She further describes how she reported these, and other incidents, to both her civilian and military supervisors, and alleges that her military supervisors then failed to "prevent continuing discrimination, harassment, retaliation, and physical bullying in the workplace." *Id.* at 20.

As in *Overton*, another Title VII case involving a dual-status employee where we found that "[a]ny attempt surgically to dissect and analyze" the line between the civilian and the military "would itself threaten to intrude into [military affairs]," so too would an attempt at wielding a scalpel fail here. 373 F.3d at 96. We therefore conclude that because Martinez's suit "challenges conduct that is integrally related to the military's unique structure," including the military's reporting processes, and that also because the challenged conduct is not "purely civilian," the *Feres* doctrine bars her suit.

---

[1] The District Court dismissed Martinez's complaint under Federal Rule 12(b)(6), rather than Rule 12(b)(1), but we find no error because Martinez's claims satisfy neither standard.

**CONCLUSION**

We have reviewed all of the arguments raised by Martinez on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 5, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk