**Mohammed Abdul MALIK, Plaintiff–Appellant,**

v.

**Doris MEISSNER, Commissioner, Immigration and Naturalization Service and Immigration and Naturalization Service, Defendants–Appellees.**

**No. 1153, Docket 95–6179.**

United States Court of Appeals, Second Circuit.

Argued March 1, 1996.

Decided May 2, 1996.

Charles A. Grutman, New York City, for Plaintiff–Appellant.

Diogenes P. Kekatos, Assistant United States Attorney, Southern District of New York, New York City (Mary Jo White, United States Attorney, James A. O'Brien III, F. James Loprest, Jr., Special Assistant United States Attorneys, Steven M. Haber, Assistant United States Attorney, of counsel), for Defendants–Appellees.

Before: VAN GRAAFEILAND, MESKILL, and WINTER, Circuit Judges.

WINTER, Circuit Judge:

Mohammed Abdul Malik appeals from Judge Scheindlin's dismissal of his amended complaint. Malik sought a declaratory judgment that defendants Doris Meissner, Commissioner of the Immigration and Naturalization Service ("INS"), and the INS had unlawfully declined to reopen his disapproved application for temporary resident status as a Special Agricultural Worker ("SAW") pursuant to 8 U.S.C. § 1160(b)(1), (2) & (4). Malik also sought a writ of mandamus or mandatory injunction compelling the INS to reopen and reconsider his SAW application. Judge Scheindlin dismissed the complaint for lack of subject matter jurisdiction. Malik argues that under *McNary v. Haitian Refugee Ctr.*, 498 U.S. 479, 492, 111 S.Ct. 888, 896, 112 L.Ed.2d 1005 (1991), the district court had jurisdiction to review his challenge to the procedures employed by the INS. Because *McNary* recognized an exception to the statutory jurisdictional bar only where a plaintiff brings a general collateral challenge to allegedly unconstitutional practices and because Malik challenges

only the INS's denial of his individual SAW application, we affirm.

Malik, a native and citizen of Bangladesh, illegally entered the United States at Miami, Florida on August 6, 1985. Pursuant to the Immigration Reform and Control Act of 1986, 8 U.S.C. § 1160(b)(1), (2) & (4), Malik applied on July 8, 1988 for temporary residence as a Special Agricultural Worker. *See* 8 U.S.C. § 1160(b)(3)(B) & 1160(a)(1)(B)(ii) (requiring applicant for SAW status to submit documentation that he or she performed at least ninety man-days of qualifying seasonal agricultural services during twelve-month period ending May 1, 1986). Along with his application, Malik submitted supporting documentation that he had worked at Cook Farms in Pompano Beach, Florida for 118 days during the twelve months ending May 1, 1986. After interviewing Malik, an INS legalization officer issued a preliminary recommendation that Malik's application be denied because of fraud. On June 20, 1990, the INS Regional Processing Facility ("RPF") issued a notice of its intent to deny Malik's application. Despite Malik's objection and submission of additional material allegedly supporting his case, the RPF denied Malik's application on the ground that materials originally submitted in support of the application were fraudulent and that there was insufficient proof of Malik's eligibility for SAW status. Malik appealed to the Legalization Appeals Unit, which dismissed the appeal, holding that information acquired in the course of investigating Malik's claim of agricultural employment proved his claim to be false. Malik moved that the RPF reconsider his application. That motion was denied. Malik then brought the present suit seeking a determination that his application was considered in an unlawful and unconstitutional manner and a mandatory injunction or writ of mandamus compelling defendants to reopen the case. The district court dismissed the case for lack of subject matter jurisdiction. This appeal followed.

■ We review a district court's dismissal for lack of subject matter jurisdiction *de novo*. *Hotel & Restaurant Employees Union Local 217 v. J.P. Morgan Hotel,* 996 F.2d 561, 564 (2d Cir.1993). "The burden of prov-ing jurisdiction is on the party asserting it." *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir.1994).

■ Judicial review of an individual's denial of SAW status is ordinarily limited to review of an order of exclusion or deportation. *See* 8 U.S.C. §§ 1105(a) & 1160(e). However, in *McNary,* the Supreme Court created an exception to this rule, holding that district courts have jurisdiction to entertain collateral challenges to unconstitutional practices and policies generally used by the INS in processing applications. 498 U.S. at 484, 492, 111 S.Ct. at 892, 896. To allege subject matter jurisdiction, therefore, an individual denied relief by the INS must allege that a consistently applied policy violated the rights of an entire class of claimants. *See* id.; *Campos v. Nail,* 43 F.3d 1285, 1291 (9th Cir.1994); *Montes v. Thornburgh,* 919 F.2d 531, 536 (9th Cir.1990).

■ Malik contends that the INS procedures followed in denying his application were part of an unlawful pattern and practice that violated his Fifth and Sixth Amendment rights, the Administrative Procedure Act, and INS regulations. Specifically, Malik alleges that the INS's denial of his application was unconstitutional because the INS failed to consider the evidence he submitted at each stage of the application process, failed to address most of his evidence, failed to provide full information at each stage of the application process, failed to apply its rules and regulations and to adjudicate all SAW applications in a uniform manner, failed to produce essential witnesses for cross-examination, and relied on inaccurate information. Malik proffered only conclusory allegations that his alleged mistreatment was "consistent with an unlawful and unconstitutional pattern and practice" and failed to allege any facts supporting his claim that the INS generally uses unconstitutional procedures or standards in denying SAW applications. *See Robinson,* 21 F.3d at 507 (burden is on party claiming jurisdiction to allege facts to support the assertion); *Butler v. Castro,* 896 F.2d 698, 700 (2d Cir.1990) (conclusory allegation that plaintiff's mistreatment was part of established practice, without evidentiary

support or allegations of other incidents, was insufficient to survive motion to dismiss).

Finally, we are unpersuaded by Malik's assertion that he should not be expected to plead facts "peculiar to cases other than his own." Plaintiffs in other cases have been able to assert particularized challenges to INS patterns and practices. *See e.g., McNary*, 498 U.S. at 487–88, 111 S.Ct. at 893–94; *Campos*, 43 F.3d at 1287. Moreover, counsel for Malik asserted in the district court that he had reviewed several thousand appeals from INS denials of SAW status. Thus, pleading facts peculiar to cases similar to Malik's would not have been an undue burden if such facts existed.

There is, therefore, no subject matter jurisdiction, and the complaint was properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).