

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2005

# Hernandez v. Secretary Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3229

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hernandez v. Secretary Homeland" (2005). *2005 Decisions.* Paper 881.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/881

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 04-3229

RAMON HERNANDEZ,

<u>Appellant</u>

v.

MICHAEL CHERTOFF, Secretary of the U.S. Department
of Homeland Security\*, EDGARDO AGUIRRE, Director,
U.S. Citizenship and Immigration Services;
PAUL NOVAK, Director, Vermont Service Center USCIS

\*Caption amended pursuant to Rule 43(c), Fed. R. App. P.

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-01340)
District Judge: Hon. Freda L. Wolfson

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 5, 2005

BEFORE: BARRY, AMBRO and COWEN, <u>Circuit Judges</u>

(Filed: July 8, 2005)

OPINION

COWEN, <u>Circuit Judge</u>.

Appellant Ramon Hernandez appeals the District Court's order dismissing his suit against Appellees Michael Chertoff, Secretary of the Department of Homeland Security, *et al.* for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Hernandez contends that the District Court erred in concluding that it lacked jurisdiction over his challenges to the procedures employed by Appellees in denying his application for temporary resident status as a Special Agricultural Worker ("SAW") pursuant to 8 U.S.C. § 1160. We have subject matter jurisdiction under 28 U.S.C. § 1291. Because Hernandez's claims do not fall within the exception to the statutory jurisdictional bar established by *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479 (1991), we will affirm.

## BACKGROUND

A. *Statutory and Regulatory Scheme*

The Immigration Reform and Control Act of 1986 ("IRCA")[1] created an amnesty program for undocumented alien agricultural workers. Those who applied for SAW status during an eighteen-month period beginning on June 1, 1987, could have status adjusted to that of a lawful temporary resident, and thereafter a permanent resident, if certain requirements were met. *See* 8 U.S.C. § 1160(a)(1)-(2).

Any alien who files a nonfrivolous application for SAW status during the requisite application period is granted an employment authorization allowing him or her to engage

---

[1]Pub. L. No. 99-603, 100 Stat. 3359.

legally in paid employment while his or her application is pending. *Id.* § 1160(d)(2).

Employment authorization is issued in one-year intervals pending final determination of

an application for temporary resident status. *See* 8 C.F.R. § 210.4(b)(2). If an application

for employment authorization is not adjudicated within 90 days, an interim employment

authorization of 240 days shall issue. *Id.* § 274a.13(d). Employment authorization

automatically terminates upon the denial of temporary resident status. *Id.* §

274a.12(c)(20).

The SAW regulations provide for a personal interview of each applicant by a

legalization officer. *Id.* § 210.2(c)(2)(iv). At the conclusion of the interview and upon

review of the application materials, the legalization officer can deny the application or

recommend a denial to a Regional Processing Facility ("RPF"). If the legalization officer

recommends denial and the RPF agrees, the RPF sends the applicant a notice of intent to

deny setting forth the reasons for rejection and inviting the applicant to submit additional

evidence. *See id.* §§ 103.2(b)(16)(i), 210.2(f). A denial at either the local or regional

level may be appealed to the Administrative Appeals Unit ("AAU")[2]. *Id.* § 103.3(a)(3)(i),

(iii). At this stage, an applicant is permitted to submit additional or newly discovered

evidence not available at the time of the RPF's determination. 8 U.S.C. § 1160(e)(2)(B).

The AAU is authorized to make the final administrative decision in each individual case.

8 C.F.R. § 103.3(a)(3)(iii).

---

[2]Formerly named Legalization Appeals Unit.

The IRCA directs the Attorney General to establish a single level of administrative review to examine the denial of a SAW application. 8 U.S.C. § 1160(e)(2)(A). Motions to reopen or reconsider a decision "shall not be considered." 8 C.F.R. §§ 103.5(b), 210.2(g). The Director of a RPF and Chief of the AAU may, however, *sua sponte* reopen any proceeding and reconsider any decision rendered in that proceeding. *Id.*[3]

The IRCA prohibits judicial review of "a determination respecting an application for adjustment of status" except in accordance with 8 U.S.C. § 1160(e). 8 U.S.C. § 1160(e)(1). Judicial review of a denial of an SAW application is available exclusively in connection with "the judicial review of an order of exclusion or deportation." *Id.* § 1160(e)(3)(A). Such judicial review is based "solely on the administrative record established at the time of the review by the [administrative] appellate authority." *Id.* §1160(e)(3)(B). Presently, only courts of appeal have jurisdiction to review an order of removal.

B. *Procedural History*

Hernandez, an undocumented alien from Mexico, applied for and was denied adjustment to SAW status. He submitted an application for temporary resident status to the Immigration and Naturalization Service ("INS") in 1987 in accordance with the SAW provisions of the IRCA, 8 U.S.C. § 1160 *et seq.* On December 20, 1991, the Director of the RPF in the California Service Center denied Hernandez's SAW application as a result

---

[3]The Second Circuit has upheld these regulations as a permissible construction of the IRCA. *See Rahim v. McNary*, 24 F.3d 440 (2d Cir. 1994).

of certain adverse information that Hernandez had failed to rebut. Hernandez appealed this denial to the United States Citizenship and Immigration Services ("USCIS") Administrative Appeals Office ("AAO")[4]. On October 26, 1996, the AAO remanded the appeal back to the California Service Center for further findings. The Service Center reopened the matter, withdrew its initial decision, and issued a new decision again denying Hernandez's application. The AAO dismissed Hernandez's subsequent appeal on May 8, 2003. The employment authorization associated with this application expired on December 10, 2003.

On June 5, 2003, Hernandez filed a "Motion to <u>Sue Sponte</u> Reopen and Reconsider" his SAW application. Pursuant to this motion and 8 C.F.R. § 274a.12(c)(20), he submitted another application for employment authorization with the Vermont Service Center on November 25, 2003. The Vermont Service Center denied the application for employment authorization on March 8, 2004. Hernandez's application for interim employment authorization, submitted under 8 C.F.R. 274a.13(d), had been denied on March 4, 2004.

On April 2, 2004, the AAO sent Hernandez a letter stating, *inter alia*, that his motion to reopen

> was not accepted or reviewed by the AAO. While the AAO has discretion
> to sua sponte reopen its decisions, the AAO has exercised its discretion in

---

[4]The Legalization Appeals Unit is part of the AAO. Although the regulations refer to this administrative entity as the AAU, decisions involving denied applications under the IRCA have been signed as coming from the AAO since 2000.

not reopening this decision. Consequently, the dismissal was effective as of the date of its issuance on May 8, 2003, and the petitioner has no filings that could be considered 'pending' at the AAO after that date.

(App. at 13.) Hernandez resubmitted his sua sponte motion to reopen or reconsider on June 1, 2004.

Hernandez brought the instant action on March 24, 2004, filing a Motion for Emergency Relief with the District Court. His Amended Complaint avers that Appellees refused to entertain his sua sponte motion to reopen and reconsider and grant his applications for employment authorization and interim employment authorization in violation of federal law and the United States Constitution. He seeks a writ of mandamus or mandatory injunctive and declaratory relief requiring Appellees to accept and review sua sponte motions and grant him employment and interim employment authorizations. Appellees filed a motion for summary judgment on May 11, 2004, contending that the District Court lacked subject matter jurisdiction. The District Court agreed, and on June 21, 2004, dismissed Hernandez's case under Fed. R. Civ. P. 12(b)(1). This appeal followed.

## DISCUSSION

We exercise plenary review over the District Court's dismissal for lack of subject matter jurisdiction. *SEC v. Infinity Group Co.*, 212 F.3d 180, 186 (3d Cir. 2000).

Hernandez mounts three challenges to the Appellees' adjudication of his SAW application: (1) dismissal of his first sua sponte motion without review or acceptance in

6

violation of the established policy of the agency; (2) failure to provide employment authorization during the pendency of his sua sponte motion; and (3) failure to issue interim employment authorization in accordance with 8 C.F.R. § 274a.13(d). Appellees argue that Hernandez's claims represent "a determination respecting an application," 8 U.S.C. § 1160(e)(1), and consequently do not fall within the exception to this statutory jurisdictional bar created by the Supreme Court in *McNary*.

In *McNary*, the Supreme Court held that 8 U.S.C. § 1160(e)(1)'s reference to "a determination" deprived federal district courts of jurisdiction over challenges to an individual denial of SAW status, but not of jurisdiction to consider "general collateral challenges to unconstitutional practices and policies used by the agency in processing applications." 498 U.S. at 492. Thus, subject matter jurisdiction existed over a class of seventeen aliens denied SAW status who alleged the unconstitutionality of several INS policies, including the agency's failure to provide SAW applicants with notice and an opportunity to challenge adverse evidence, its failure to allow applicants to present witnesses on their behalf, its failure to provide competent interpreters for interviews between applicants and legalization officers, and its failure to create a verbatim recording of the interview. *Id.* at 487-88.

In arriving at its holding, the *McNary* Court distinguished claims "alleging a pattern or practice" of unconstitutional conduct in the administration of the SAW program from challenges to individual status determinations that 8 U.S.C. § 1160(e) shields from

7

judicial review. 498 U.S. at 483. The distinction rests, according to the Court, on §

1160(e)(1)'s specific denial of review over "*a determination* respecting *an application*"

for SAW status. 498 U.S. at 492 (emphasis in original). "Significantly, the reference to

'a determination' describes a single act rather than a group of decisions or a practice or

procedure employed in making decisions." *Id*. Therefore, this provision does not bar

judicial review over "general collateral challenges" to the INS's practices and procedures

in administering the SAW program. *Id.*

The *McNary* Court reasoned that if judicial review over pattern and practice claims

were foreclosed by § 1160(e)(1), SAW plaintiffs "would not as a practical matter be able

to obtain meaningful judicial review" of those claims through review by the courts of

appeals of an individual applicant's deportation or exclusion order. 498 U.S. at 496. This

is because the procedures attacked by the *McNary* plaintiffs are ones that impeded the

development of an adequate administrative record, and in the context of examining an

order of deportation or exclusion, the courts of appeals are restricted to that record. *Id.*

Moreover, the courts of appeals would not be in a posture to meaningfully assess any

pattern and practice based claims, as these claims require evidence that is irrelevant in the

processing of a particular individual application. "Not only would a court of appeals

reviewing an individual SAW determination therefore most likely not have an adequate

record as to the pattern of the INS's allegedly unconstitutional practices, but it also would

8

lack the factfinding and record-developing capabilities of a federal district court." *Id.* at 497.

For subject matter jurisdiction to attach, therefore, an SAW applicant denied adjustment of status must allege "that a consistently applied policy violated the rights of an entire class of claimants." *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996); *see also Ortiz v. Meissner*, 179 F.3d 718, 721 (9th Cir. 1999) ("The [*McNary*] Court . . . reasoned that § 1160(e), limiting judicial review over 'determinations respecting an application,' referred to review of denials in individual cases, not attacks on collateral procedures used in all cases."); *Naranjo-Aguilera v. INS*, 30 F.3d 1106, 1110 (9th Cir. 1994) (characterizing *McNary*'s exception to statutory jurisdictional bar as applicable to "lawsuits in which large groups of plaintiffs challenged across-the-board INS practices"). Hernandez has not succeeded in doing so.

Although Hernandez's complaints regarding Appellees' practices are procedural in nature, the Amended Complaint does not assert a general collateral challenge to these procedures. Instead, the allegations focus almost exclusively on the history and circumstances of the denial of his particular SAW application. With respect to his claim regarding Appellees' failure to consider his sua sponte motion, Hernandez avers that Appellees are acting unlawfully in

> refusing to accept or review the sua sponte motion of Plaintiff, as set forth in its decision of April 2, 2004, and continuing to fail to issue employment authorization after Plaintiff Hernandez resubmitted his pending sua sponte motion on June 1, 2004, and have failed and continue to fail to carry out the

adjudicative functions delegated to them by law with regard to Plaintiffs' [sic] case, and the similarly situated class of legalization applicants.

(App. at 227.)  In his prayer for relief, Hernandez seeks an injunction compelling issuance of employment authorization and interim employment authorization based on his June 5, 2003 motion for sua sponte reconsideration and associated November 25, 2003 application for employment authorization.  In addition, he requests "granting such other relief at law and in equity as justice may require, specifically including declaratory relief which would require Defendants to process claims of similarly situated legalization applicants for acceptance and review of their sua sponte motions, and provision of interim and year employment authorizations."  (App. at 228.)

Conclusory allegations that presuppose the existence of a "similarly situated class" are insufficient to sustain Hernandez's burden of setting forth facts supporting jurisdiction.  The Amended Complaint fails to allege any facts supporting his argument that the practices and policies complained of are generally employed by Appellees.  *Cf. Malik*, 82 F.3d at 561-3 (holding that conclusory allegation that unconstitutional INS practices and procedures were "consistent with an unlawful and unconstitutional pattern and practice," in the absence of additional facts, was insufficient to meet burden of showing subject matter jurisdiction over action challenging denial of SAW application).  Similarly, Hernandez's supplemental certification of counsel, which he filed in an attempt to properly allege subject matter jurisdiction and which identifies two cases of SAW applicants who were not provided employment authorization during the pendency of their

10

sua sponte motions, and one case of an applicant who had not been provided interim employment authorization despite a lapse of ninety days following his application for employment authorization, is wanting. The supplemental certification provides no particularized facts. Hernandez's assertions amount to no more than argument that Appellees wrongly applied its alleged practice and regulations *in his case*. 8 U.S.C. § 1160(e)(1) expressly forbids federal district courts from exercising subject matter jurisdiction in these circumstances.[5]

Viewing Hernandez's allegations in their proper light, the policies underlying the decision in *McNary* are not forcefully implicated. Unlike the plaintiffs in *McNary*, Hernandez has not been deprived of meaningful administrative review of his application. Moreover, in the absence of pattern and practice allegations, the practice complained of, unlike those in *McNary*, does not effectively prevent him from generating an adequate administrative record for appeal. He does not claim that the record is unreliable or inaccurate because of an agency practice.

Hernandez advances two arguments that we may quickly dispose of. First, he maintains that the challenged procedures are broadly applicable to an entire class of applicants whose sua sponte motions to reopen are dismissed without review, who are denied employment authorization during the period in which their sua sponte motions are

_____

[5]Hernandez also contends that subject matter jurisdiction is appropriate under 28 U.S.C. §§ 1361 (mandamus), 2201 (declaratory judgment), and 5 U.S.C. § 701 (Administrative Procedure Act). None of these provisions, however, provide an independent basis for jurisdiction.

11

pending, and who are denied interim employment authorization upon expiration of ninety days following their applications for employment authorization. While these allegations are *potentially* applicable to a class of SAW applicants, no such pattern and practice averments are contained in Hernandez's Amended Complaint. Hernandez's contention that "broad based issues" are involved cannot act in lieu of pleading sufficient facts to establish the type of general, collateral challenge required by *McNary*. At bottom, Hernandez is attacking purported errors made with respect to his individual application.

Second, Hernandez incorrectly asserts that *McNary* created an independent "practice or procedure" test that permits courts to exercise jurisdiction over those SAW cases involving challenges to a "practice or procedure employed [by the INS] in making decisions." *McNary*, 498 U.S. at 491-2. This assertion omits an important portion of the Court's holding. Although setting forth a challenge to an INS practice or procedure in administering the SAW program is a necessary condition for subject matter jurisdiction, it is not a sufficient one. For subject matter jurisdiction to exist, the allegations must concern a policy or procedure that violates the rights of an entire class of claimants. Otherwise, exercising jurisdiction would run afoul of Congress' mandate.

CONCLUSION

*McNary* allows courts to exercise jurisdiction under 28 U.S.C. § 1331 in those cases in which a plaintiff alleges a broad pattern or practice of unlawful procedural conduct in the administration of the SAW program. The allegations set forth by

12

Hernandez are plainly inadequate. Instead of providing allegations showing that the challenged procedures constitute a general pattern or practice of Appellees, Hernandez hones in on Appellees' allegedly unlawful employment of regulations and practice to deny his individual application. The District Court is prohibited from exercising jurisdiction over determinations regarding an individual application.

For the foregoing reasons, the judgment of the District Court entered on June 22, 2004, will be affirmed.