11-1769-cv
Giammatteo v. Newton

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of December, two thousand and eleven.

PRESENT:

> ROGER J. MINER,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SHARON GIAMMATTEO, PH.D.,

       *Plaintiff-Appellant*,

    -v.-                                            No. 11-1769-cv

JOELLE NEWTON, I/O, STANLEY PECK, I/O, CHRISTINE KASINSKAS, PT, MEMBER, CONNECTICUT BOARD OF EXAMINERS FOR PHYSICAL THERAPISTS, I/O, MARY LOU SANDERS, MEMBER, CONNECTICUT BOARD OF EXAMINERS FOR PHYSICAL THERAPISTS, I/O, JOAN GREY, PT, MEMBER, CONNECTICUT BOARD OF EXAMINERS FOR PHYSICAL THERAPISTS, I/O, KRYSTYNA PIOTROWSKA-NYERICK, MD, MEMBER, CONNECTICUT BOARD OF EXAMINERS FOR PHYSICAL THERAPISTS, I/O, KATHLEEN ZETTERGREN, PT, J. ROBERT GALVIN, MD, MPH, MBA, COMM. DEPARTMENT OF PUBLIC HEALTH, I/O, DEPARTMENT OF PUBLIC HEALTH, STATE OF CONNECTICUT, HEALTH, I/O, DEPARTMENT OF PUBLIC HEALTH, STATE OF CONNECTICUT, CONNECTICUT STATE BOARD OF EXAMINERS FOR PHYSICAL THERAPISTS,

       *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**     MICHAEL T. KOGUT, O'Connell Plumb & MacKinnon, PC, Springfield, MA.

**FOR DEFENDANTS-APPELLEES:**     NORA DANNEHY, Deputy Attorney General (Patrick B. Kwanashie, Kerry Anne Colson, and Hugh Barber, Assistant Attorneys General, *of counsel*), *for* George Jepsen, Connecticut Attorney General, Hartford, CT.

Appeal from a March 31, 2011, judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Sharon Giammatteo, Ph.D, appeals from a judgment of the District Court entered March 31, 2011, dismissing her 42 U.S.C. § 1983 claims against three employees of the Connecticut Department of Public Health (the "Department")—Joelle Newton, Stanley Peck, and Robert Galvin, MD (jointly, "defendants")—for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), absolute prosecutorial immunity, and failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

Briefly, Giammatteo is licensed as a physical therapist in the State of Connecticut. She owns Regional Physical Therapy ("RPT") and works in RPT's Bloomfield, Connecticut office. The Connecticut Department of Public Health licenses health care professional in the state, including physical therapists, and investigates and prosecutes professional misconduct complaints against them.

Alleging that Giammatteo engaged in a substandard physical therapy practice, the Department petitioned the Connecticut Board of Examiners for Physical Therapists (the "Board") to discipline her, and served her with a statement of charges (the "Charges") along with a notice of hearing on September 14, 2006. The allegations contained in the Charges were related to treatment performed by physical therapists at RPT from 1999 to 2003.

The Board commenced a hearing on the Charges on March 17, 2007. Defendant Joelle Newton, a staff attorney with the Department's Legal Office, prosecuted the disciplinary charges against Giammatteo until April 2007, at which point Newton was replaced by different counsel, all members of the original panel resigned, and a new panel was constituted. Defendant J. Robert Galvin was the Connecticut Commissioner of Public Health and oversaw the Department.

2

Defendant Stanley Peck was the Section Chief of the Legal Office and Newton's direct supervisor.

Giammatteo alleges, *inter alia*, that Newton (1) elicited misleading testimony from witness Kathleen Zettergren, a licensed physical therapist who testified for the Department as an expert witness at the disciplinary proceedings; (2) appeared unannounced at RPT's Bloomfield Office after the Department initiated the proceeding against Giammatteo, claimed to be an investigator there to inspect the premises, and asked the property manager unrelated questions; (3) contacted RPT's Glastonbury Office Manager, Kristyne Shumsky, asked questions regarding the former patient whose treatment was the subject of the Charges, and unsuccessfully attempted to secure Shumsky's testimony against Giammatteo in exchange for a parking space in the Department's parking lot; and (4) asked the Board, in the absence of Giammatteo's counsel, what witnesses it would like to hear on the next scheduled hearing date.

On February 1, 2010, Giammatteo brought an action in the District Court against the Board and several individual members of the Board (the "Board defendants"), as well as the Department and several individuals at the Department (the "Department defendants"), alleging due process and equal protection violations related to the administrative proceedings before the Board. Upon defendants' motion to dismiss, the District Court found that all of the alleged actions, with the exception of Newton's visit to RPT, were prosecutorial, and dismissed the claims on the basis of absolute prosecutorial immunity. The District Court dismissed the claim that Newton's visit to RPT violated Giammatteo's constitution rights, finding that the complaint failed to state a plausible claim under the Constitution.

The issue on appeal is whether the District Court correctly dismissed Giammatteo's individual-capacity claims against Department defendants Newton, Galvin, and Peck based on absolute prosecutorial immunity and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

## DISCUSSION

### I.

We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), accepting all well-pleaded, factual allegations in the complaint as true and drawing all inferences in favor of the plaintiff. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 89 (2d Cir. 2006).

On appeal from a dismissal pursuant to Rule 12(b)(1), "we review factual findings for clear error and legal conclusions *de novo*." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (internal quotation marks omitted). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may refer to and rely on competent evidence outside the pleadings. *See, e.g.*, *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). A plaintiff

asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists. *See, e.g.*, *Makarova*, 201 F.3d at 113; *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), the pleadings must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (holding that a claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' . . . [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

## II.

Following our *de novo* review, we affirm the judgment of the District Court substantially for the reasons stated in its thoughtful and thorough opinion. *See Giammatteo v. Newton*, No. 10-CV-153 (D. Conn. filed Mar. 21, 2010).

### A. Immunity

Defendants enjoy absolute immunity for acts taken in their prosecutorial capacities related to the administrative proceedings. *See Butz v. Economou*, 438 U.S. 478, 515–16 (1978). As the District Court recognized, all of the alleged actions, with the possible exception of Newton's visit to RPT, *see Flagler v. Trainor*, — F.3d — , 2011 WL 5829660, at *5 (2d Cir. Nov. 21, 2011), were undertaken after the Charges had been filed against Giammatteo and her administrative hearing set, and were executed as part of the ongoing proceedings. As such, they were prosecutorial in nature, and are protected by absolute immunity.

The District Court indicated that Newton's unannounced visit to RPT may have fallen outside of her role as prosecutor. Assuming, *arguendo*, that Newton is not entitled to absolute immunity for her visit to RPT, she is nevertheless entitled to qualified immunity, as the act "d[id] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted).

### B. Failure to Allege a Federal Claim

Even in the absence of immunity, however, the District Court properly granted defendants' motion to dismiss.

A claim brought pursuant to 42 U.S.C. § 1983[1] must allege a deprivation of a right, privilege, or immunity secured by the U.S. Constitution or federal law. *See, e.g.*, *Arbaugh v. Y & H Corp.*, 546

---

[1] Under 42 U.S.C. § 1983,

4

U.S. 500, 513 (2006); *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Hagans v. Lavine*, 415 U.S. 528, 542–43 (1974). To invoke subject matter jurisdiction under 28 U.S.C. §§ 1331[2] or 1343(a)(3),[3] the federal right claimed in a complaint must not be insubstantial, unsubstantiated, or frivolous. *See, e.g.*, *Duke Power Co. v. Carolina Envtl. Studies Grp., Inc.*, 438 U.S. 59, 70-71 (1978) (noting that to sustain jurisdiction under § 1331, the alleged deprivation must not be "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." (internal citation and quotation marks omitted)); *Hagans*, 415 U.S. at 536-37 (noting that §§ 1331 and 1343(a) do not vest district courts with jurisdiction to hear claims of federal civil rights deprivations that are "so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion" (internal citations and quotation marks omitted)).

Nonetheless, the Supreme Court has warned that "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Hagans*, 415 U.S. at 542 (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)). Rather, "failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Id.* (quoting *Bell*, 327 U.S. at 682).

Assuming, *arguendo*, that the District Court was not deprived of subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), her complaint nevertheless fails to state a claim on which relief can be granted, and thus the District Court properly granted defendants' motion to dismiss pursuant to Rule 12(b)(6).

Giammatteo bases her § 1983 action on an alleged harm to her professional reputation and relationship with patients and employees, which she claims deprived her of due process and equal

---

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[3] "(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; . . . ." 28 U.S.C. § 1343(a)(3).

5

protection guaranteed by the Fifth and Fourteenth Amendment of the Constitution. Notwithstanding conclusory labels and naked assertions that defendants violated her constitutional rights, Giammatteo does not allege facts that, taken as true, would permit the court to draw the reasonable inference that defendants deprived her of any federally-protected right. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. 544 at 570.

As an initial matter, we note that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits," Giammatteo was required to plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). Giammatteo fails to plead any specific conduct by defendants Peck or Galvin from which to infer that they were negligent or reckless in managing their subordinates, that they knew or were informed of any unconstitutional conduct and failed to act, or that polices they instituted enabled such conduct.

Although Giammatteo points to specific conduct by Newton, her complaint nonetheless fails to state a claim against Newton because the alleged conduct, even if true, did not deprive Giammatteo of a constitutionally protected liberty or property interest, as is required to state a claim for due process. *See, e.g.*, *RRI Realty corp. v. Inc. Village of Southampton*, 870 F.2d 911, 914–18 (2d Cir. 1989). To the extent the Constitution confers a substantive due process right to be free from arbitrary government action, the right is limited to "arbitrary government action *that infringes a protected right*." *O'Connor v. Pierson*, 426 F.3d 187, 200 n.6 (2d Cir. 2005) (emphasis in original). Action that merely harms one's professional or business interests does not, alone, infringe a federally-protected right, and thus does not implicate due process.[4] *See id.* at 203; *Valez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005).

Nor, based on the undisputed facts, does Giammatteo adequately allege a deprivation of procedural due process. She was given adequate notice of the Charges and hearings and was given an opportunity to be heard at the proceedings. *See, e.g.*, *Mackey v. Montrym*, 443 U.S. 1, 20 (1979) ("[T]he constitutional guarantee of procedural due process has always been understood to embody a presumptive requirement of notice and a meaningful opportunity to be heard *before* the State acts to deprive a person of his property." (emphasis in original)). The proceedings to which Giammatteo objects were terminated completely—and new proceedings initiated in front of a new panel with a new prosecutor—to remove any semblance of unfairness or bias. Giammatteo does not allege that the panel responsible for the final decision over the proceedings was anything but impartial.

Giammatteo also fails to state a cognizable equal protection claim because her complaint fails to show that she was treated differently from any similarly situated person, as would have been

---

[4] Moreover, the protections of substantive due process are generally limited to "matters relating to marriage, family, procreation, and the right to bodily integrity," *Albright v. Oliver*, 510 U.S. 266, 272 (1994), none of which relate to Giammatteo's complaint.

6

necessary to state a so-called "class-of-one" equal protection claim. *See, e.g.*, *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). The existence of persons in similar circumstances[5] who received more favorable treatment than the plaintiff is absolutely essential in a class-of-one case, "to provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose—whether personal or otherwise—is all but certain." *Id.* (quoting *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005)).

Accordingly, her claims may be vindicated, if at all, in state court under traditional state law principles. *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

## CONCLUSION

We have considered all of Giammatteo's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court entered March 31, 2011 is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[5] "[C]lass-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006).