20-3377-cv
Johnson El v. Chambers

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty-one.

PRESENT:
>      PIERRE N. LEVAL,
>      ROBERT D. SACK,
>      MICHAEL H. PARK,
>           *Circuit Judges.*

_____

JEREMIAH SIDDIQUE JOHNSON EL, a/k/a
JERRY L. JOHNSON,

>      *Plaintiff-Appellant*,

>      v.                                                        20-3377

BRUCE R. CHAMBERS, Chester Police Officer,
ROBERT J. BIRD, d/b/a ROBERT J. Chester
Town Police Officer, WESTERN SURETY
COMPANY, ANTHONY MIRANDA, ACS
Police Chief (NYC), DANIEL DOELLINGER,
Town of Chester Police Chief, TOWN OF
CHESTER POLICE,

>      *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:          Jeremiah Siddique Johnson El, pro se, Warwick, NY.

**FOR DEFENDANTS-APPELLEES:** Iryna Krauchanka, Esq., Morris Duffy Alonso & Faley, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jeremiah Johnson El, proceeding pro se, appeals from the district court's dismissal of his complaint in which he brought claims against various government officials based on a traffic stop and the revocation of his pistol permit. Johnson El sued two Town of Chester, New York, Police Department ("TCPD") officers, Bruce Chambers and Robert Bird, the TCPD chief, Daniel Doellinger, another individual, Anthony Miranda, and the Town of Chester asserting violations of his Second, Fourth, and Fifth Amendment rights under 42 U.S.C. § 1983, as well as claims of emotional distress, fraud, and perjury. His claims arise out of a traffic stop by TCPD officers Chambers and Bird, a poster created by TCPD warning the community that TCPD believed he was a safety risk, and the revocation of his pistol permit by Orange County Court Judge William DeProspo. After granting Johnson El two opportunities to amend his complaint, the district court dismissed the action for failure to state a claim on which relief could be granted. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, we consider only those claims raised in Johnson El's second amended complaint, which are fraud, perjury, emotional distress, violations of his Fifth Amendment due process right and Second Amendment right to bear arms based on the revocation of his pistol permit, and violation of his Fourth Amendment right to be free from unreasonable seizures based

2

on an unlawful traffic stop. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (alteration in original; internal quotation marks omitted)).[1] We also consider those claims only insofar as they are brought against Appellees Chambers, Bird, and Doellinger, as Johnson El never served Miranda with process or named Judge DeProspo as a defendant.

We review the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) *de novo*. *See Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations in the complaint are viewed in the light most favorable to the nonmovant and assumed to be true, this does not apply to legal conclusions. *Id.*

The allegations in Johnson El's second amended complaint fail to state claims for (1) fraud and perjury, (2) violation of his Fifth Amendment right to due process, (3) violation of his Second Amendment right to bear arms, (4) violation of his Fourth Amendment right to be free from unreasonable seizures, and (5) intentional or negligent infliction of emotional distress.

First, the district court correctly dismissed Johnson El's fraud and perjury claims because he alleged violations of 18 U.S.C. §§ 1341, 1038, and 1621. Alleging a violation of a criminal

---

[1] We thus do not consider the claims numbered five through eleven in Johnson El's brief.

statute fails, without more, to allege a civil liability. *See Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002). Moreover, his perjury claim concerns actions only by Miranda, who is not a party to this case.

Second, the district court correctly dismissed Johnson El's claim that Appellees caused the revocation of his pistol permit in violation of his Fifth Amendment right to due process because that claim is duplicative of his claim brought in *Johnson El v. DeProspo*, 2019 WL 6311882 (S.D.N.Y. Nov. 22, 2019). Judge McMahon resolved that claim on the merits before Johnson El filed his second amended complaint, so he is barred from relitigating the same claim in this action. *See Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) ("Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." (cleaned up)).

Third, the district court correctly held that Johnson El's complaint fails to state a claim that his Second Amendment rights were violated based on the revocation of his pistol permit. The revocation order and letter from Judge DeProspo attached to Johnson El's complaint state that his pistol permit was revoked because of his 1991 felony conviction. Under New York law, a person who has been convicted of a "felony or serious offense" may not be issued a license to carry firearms and may have his license revoked by a judge "at any time." N.Y. Penal L. § 400.00(1)(c), (11)(a). The Supreme Court has clearly stated that "prohibitions on the possession of firearms by felons" do not violate the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008); *see also United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013) (holding statute prohibiting felon from possessing firearms does not violate the Second Amendment). Johnson El does not dispute that he was convicted of a felony in 1991, which undermines his Second

4

Amendment claim.

Fourth, the district court correctly held that the complaint fails to state a claim that Appellees seized Johnson El in violation of his Fourth Amendment right to be free from unreasonable seizures. "[R]easonable suspicion of a traffic violation provides a sufficient basis under the Fourth Amendment for law enforcement officers to make a traffic stop." *United States v. Stewart*, 551 F.3d 187, 188 (2d Cir. 2009). Although his complaint states in conclusory terms that he was stopped without probable cause, Johnson El does not support this legal conclusion with any factual allegations. He was ticketed for not having the required inspection sticker and for failing properly to signal a left turn. *See* N.Y. Veh. & Traf. Law §§ 306(b), 1163(b). Johnson El does not dispute that he violated the turn signal law, so the complaint fails to allege that the officers lacked reasonable suspicion that he had committed a traffic violation justifying the seizure.[2] Johnson El's allegation that another driver was speeding—implying that there was a greater reason to stop that driver—does not demonstrate that the officer lacked reasonable suspicion to stop him. To the extent Johnson El attempts to allege an unreasonable seizure based on the length of the traffic stop, he also fails to state a claim because he alleges no facts suggesting the officers detained him longer than constitutionally permitted.

Fifth, Johnson El's final claim of "emotional distress" is premised on Appellees' actions during the traffic stop, as well as the "slanderous, defamatory" poster created by TCPD, which Johnson El alleges caused his family and neighbors to feel uncomfortable, afraid, and anti-social. A claim for intentional infliction of emotional distress under New York law requires showing "(i)

---

[2] Johnson El's claim that these tickets were dismissed is belied by the document attached to his complaint which shows that he paid a fine for two traffic violations.

extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 122 (2d Cir. 2019) (internal quotation marks omitted). "To plead a negligent infliction of emotional distress claim under New York law, a plaintiff must allege (1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021) (en banc). The complaint does not describe what, if any, emotional distress Appellees' actions caused Johnson El. His complaint thus fails to state a claim for intentional or negligent infliction of emotional distress under New York law.

Finally, the district court did not abuse its discretion by denying Johnson El leave to amend his complaint for a third time. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding a court does not abuse its discretion by denying leave to amend where a party "repeated[ly] fail[s] to cure deficiencies by amendments previously allowed").

We have considered all of Johnson El's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6